■ Jonathan Bermudez, Respondent, v New York City Board of Education, Appellant. [922 NYS2d 428]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Starkey, J.), dated October 14, 2009, which, upon a jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sums of $190,000 for past pain and suffering, $840,000 for future pain and suffering, and $96,000 for future medical expenses, and upon the denial of its motion pursuant to CPLR 4404 to set aside the verdict, inter alia, on the issue of liability and for judgment as a matter of law or, in the alternative, as contrary to the weight of the evidence and for a new trial or, in the alternative, to set aside the damages award for future pain and suffering as excessive, is in favor of the plaintiff and against it.

Ordered that the judgment is affirmed, with costs.

For a reviewing court to determine that a jury's verdict is not supported by legally sufficient evidence, it must conclude that there is "simply no valid line of reasoning and permissible inferences" by which the jury could have rationally reached its verdict on the basis of the evidence presented at trial (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). In addition, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Piazza v Corporate Bldrs. Group, Inc., 73 AD3d 1006, 1006-1007 [2010]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (see Cohen v Hallmark Cards, 45 NY2d at 499; Nicastro v Park, 113 AD2d 129, 133 [1985]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855 [2007]; see Salony v Mastellone, 72 AD3d 1060, 1061 [2010]).

Applying these principles here, the Supreme Court properly denied the defendant's motion. There was a valid line of reasoning and permissible inferences by which the jury could have rationally reached its verdict on the basis of the evidence presented at trial, and a fair interpretation of the evidence supported the jury's determination that the defendant's failure to

adequately supervise the plaintiff was the proximate cause of the plaintiff's accident and resulting injuries.

The award for future pain and suffering did not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]).

The defendant's remaining contentions are without merit. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.