■ Carmen M. Nunez-Wilson et al., Appellants, v Carmo Realty, Defendant, and Elite Gymnastics Center, Inc., Respondent. [925 NYS2d 342]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Spinner, J.), dated April 28, 2010, which, upon a jury verdict on the issue of liability, granted that branch of the motion of the defendant Elite Gymnastics Center, Inc., which was pursuant to CPLR 4404 (a) to set aside the verdict against it as unsupported by legally sufficient evidence and for judgment as a matter of law.

Ordered that the order is affirmed, with costs.

A verdict must be supported by legally sufficient evidence, and will be set aside and judgment entered in favor of the defendant if the reviewing court determines that, viewing the evidence in the light most favorable to the plaintiff, there is "simply no valid line of reasoning and permissible inferences which could possibly lead [a] rational [person] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Bermudez v New York City Bd. of Educ.*, 83 AD3d 878 [2011]; *Giambruno v Crazy Donkey Bar & Grill*, 65 AD3d 1190, 1192 [2009]). Here, viewing the evidence in the light most favorable to the plaintiffs, there is no valid line of reasoning to support the jury's findings that the defendant Elite Gymnastics Center,

Inc. (hereinafter Elite), was negligent and that its negligence proximately caused the plaintiff Carmen M. Nunez-Wilson (hereinafter Nunez-Wilson) to trip and fall. There was no evidence to support the plaintiffs' theory that any defect in the "raised spring floor" caused Nunez-Wilson to fall. In addition, there was no evidence to support the plaintiffs' theory that the three-inch height differential between the raised spring floor and the mat onto which she stepped constituted a dangerous condition. Under the circumstances of this case, the height differential was both open and obvious and not inherently dangerous (see Capasso v Village of Goshen, 84 AD3d 998 [2d Dept 2011]; Murray v Dockside 500 Mar., Inc., 32 AD3d 832, 833 [2006]; Luciano v 144-18 Rockaway Realty Corp., 32 AD3d 505, 506 [2006]; see also Burke v Canyon Rd. Rest., 60 AD3d 558, 559 [2009]).

Accordingly, the Supreme Court properly granted that branch of Elite's motion which was to set aside the verdict against it on the issue of liability as unsupported by legally sufficient evidence and for judgment as a matter of law. Rivera, J.P., Florio, Dickerson and Eng, JJ., concur.