■ Patricia Schwartz, Appellant, v Ishaque Nagori et al., Respondents. [981 NYS2d 600]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Dollard, J.), dated January 27, 2012, which denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants on the issue of liability and for judgment as a matter of law or, alternatively, to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial on the issue of liability.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants on the issue of liability and for judgment as a matter of law or, alternatively, to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial on the issue of liability. The plaintiff failed to demonstrate that there was no valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury based on the evidence presented at trial (*see* CPLR 4404 [a]; *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Accordingly, the court properly denied that branch of the plaintiff's motion which was to set aside the jury verdict on the issue of liability and for judgment as a matter of

law (*see* CPLR 4404 [a]; *Nabbore v Schneider*, 62 AD3d 766, 766 [2009]; *Gerdvil v Tarnowski*, 43 AD3d 995, 995-996 [2007]).

The Supreme Court also properly denied that branch of the plaintiff's motion which was to set aside the jury verdict as contrary to the weight of the evidence. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Bermudez v New York City Bd. of Educ.*, 83 AD3d 878, 878 [2011]; *Piazza v Corporate Bldrs. Group, Inc.*, 73 AD3d 1006, 1006-1007 [2010]). "It is for the trier of fact to make determinations as to the credibility of the witnesses, and great deference is accorded to the factfinders, who had the opportunity to see and hear the witnesses" (*Fekry v New York City Tr. Auth.*, 75 AD3d 616, 617 [2010]). There is no basis to disturb the jury verdict (*see Bermudez v New York City Bd. of Educ.*, 83 AD3d at 878; *Piazza v Corporate Bldrs. Group, Inc.*, 73 AD3d at 1006-1007). Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.