■ ANESHA CAIN et al., Appellants, v EDWIN AMARO et al., Respondents. [731 NYS2d 766] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered June 7, 2000, which, upon the granting of the defendants' motion pursuant to CPLR 4401 made at the close of the evidence to dismiss the complaint, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event.

The infant plaintiff allegedly sustained serious head injuries when she was struck by a vehicle. There were no eyewitnesses to the actual impact, and the infant plaintiff did not testify due to her alleged injuries. A witness testified, however, that he heard a "thump" and screaming, saw the infant plaintiff slide about 20 feet along the street, and then saw a black vehicle

swerve twice to avoid hitting a group of people and the infant plaintiff, who was lying on the ground, before it sped away. The vehicle's description and the license plate number given to the police matched the vehicle leased by the defendant Dan Klores Associates, Inc., and usually driven by the defendant Edwin Amaro.

In a case such as this one, based on circumstantial evidence, the possibility that an accident may have been caused by factors other than the defendants' negligence does not mandate a conclusion that the plaintiffs have failed to make out a prima facie case (*see, Ingersoll v Liberty Bank,* 278 NY 1; *Brito v Manhattan & Bronx Surface Tr. Operating Auth.,* 188 AD2d 253). Rather, it is enough that the plaintiffs show "facts and conditions from which the negligence of the defendant[s] and the causation of the accident by that negligence may be reasonably inferred" (*Ingersoll v Liberty Bank, supra,* at 7). The plaintiffs were not required to exclude every possible cause of the accident other than the defendants' negligence, but the other possible causes must be rendered "sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence, and not upon speculation" (*Babino v City of New York,* 234 AD2d 241, 242; *see, Thomas v New York City Tr. Auth.,* 194 AD2d 663).

Contrary to the Supreme Court's determination, the evidence was sufficient to establish a prima facie case of negligence against the defendants. There was evidence that the day was clear, that the infant plaintiff was struck with such force that she slid about 20 feet along the street, and that it was the defendants' vehicle that swerved twice to avoid hitting a group of people and the infant plaintiff a second time. Thus, viewing the evidence in the light most favorable to the plaintiffs, it was sufficient for the jury to find that the defendants' vehicle hit the infant plaintiff, and that Amaro was negligent in failing to see the plaintiff and maintain proper control of the vehicle (*see, Sagorsky v Malyon,* 307 NY 584; *Scantlebury v Lehman,* 305 NY 713; *Brito v Manhattan & Bronx Surface Tr. Operating Auth., supra*; *Snell v MVAIC,* 34 AD2d 872; *cf., Secof v Greens Condominium,* 158 AD2d 591). Therefore, the Supreme Court improperly dismissed the complaint, and the matter is remitted for a new trial. We note that, contrary to the plaintiffs' contention, they were not entitled to judgment as a matter of law based on the circumstantial evidence presented. Krausman, J. P., McGinity, Schmidt and Adams, JJ., concur.