■ DAVID FERNANDEZ, an Infant, by His Father and Natural Guardian, DARIO FERNANDEZ, et al., Respondents-Appellants, v STEPPING STONE DAY SCHOOL, INC., Appellant-Respondent. [737 NYS2d 864] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated March 21, 2001, as denied its motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal from so much of the same order as permitted the defendant to move for summary judgment more than 120 days after the filing of the plaintiffs' note of issue.

Ordered that the cross appeal is dismissed, without costs or disbursements, on the ground that the cross appellants are not aggrieved by the order cross-appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied the defendant's motion for summary judgment. Although the defendant is not an insurer of the children entrusted to its care, it is under a duty to adequately supervise such children, and it can be held liable

for foreseeable injuries proximately related to the lack of adequate supervision (*see, Mirand v City of New York,* 84 NY2d 44; *Breland v Flushing YMCA,* 245 AD2d 410). Under the circumstances of this case, the defendant did not demonstrate its prima facie entitlement to judgment as a matter of law, since questions of fact exist as to whether its employees adequately supervised the infant plaintiff on the day in question and whether the alleged negligence was a proximate cause of his injuries (*see, Singh v Persaud,* 269 AD2d 381; *Breland v Flushing YMCA, supra*; *cf., Janukajtis v Fallon,* 284 AD2d 428).

The plaintiffs' cross appeal must be dismissed because they are not aggrieved by the order cross-appealed from. However, on the defendant's appeal the plaintiffs may raise, as an alternative ground for affirmance, the argument that the Supreme Court erred in granting the defendant leave to move for summary judgment more than 120 days after the filing of the plaintiffs' note of issue (*see, Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539). Goldstein, J.P., Friedmann, McGinity and H. Miller, JJ., concur.