■ Colleen Goldstein et al., Respondents, v Andreas Welter et al., Appellants. [756 NYS2d 465] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated August 5, 2002, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff allegedly was injured while playing with other children on a trampoline in the defendants' backyard. Although the defendants were not the "insurer[s] of the children entrusted to [their] care, [they were] under a duty to adequately supervise such children, and [they] can be held liable for foreseeable injuries proximately related to the lack of adequate supervision" (*Fernandez v Stepping Stone Day School,* 291 AD2d 530, 530-531 [2002]; *see Appell v Mandel,* 296 AD2d 514 [2002]; *Singh v Persaud,* 269 AD2d 381 [2000]). The defendants did not demonstrate their prima facie entitlement to judgment as a matter of law, since there are questions of fact as to whether they adequately supervised the infant plaintiff and, if not, whether the inadequate supervision was a proximate cause of the infant plaintiff's injuries (*see Fernandez v Stepping Stone Day School, supra; Singh v Persaud, supra*). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Ritter, J.P., McGinity, Townes and Mastro, JJ., concur.