■ Joshua Tanenbaum et al., Appellants, v Minnesauke Elementary School et al., Respondents. [901 NYS2d 102]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Costello, J.), dated April 7, 2009, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered June 1, 2009, which, upon the order, is in favor of the defendants and against them dismissing the complaint. The notice of appeal from the order dated April 7, 2009, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On May 15, 2006, the infant plaintiff allegedly was injured when one of his second grade classmates ran to get in line to exit the cafeteria of the defendant Minnesauke Elementary School following the students' lunch period. The classmate accidentally pushed the plaintiff from behind as he was running, causing the plaintiff to fall forward and hit his face on one of the lunch table benches. In this action, the plaintiffs allege that the defendants' negligent supervision was the proximate cause of the incident. The defendants' motion for summary judgment dismissing the complaint was granted. We affirm.

Schools are under a duty to supervise students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44 [1994]). However, there is no liability absent a showing that the negligent supervision was a proximate cause of the injury sustained (*see Mayer v Mahopac Cent. School Dist.*, 29 AD3d 653 [2006]). A school district's alleged lapse in supervision is not a proximate cause of an accident where that accident occurs in so short a span of time that even the most intense supervision could not have prevented it (*see Janukajtis v Fallon*, 284 AD2d 428, 430 [2001]; *Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by showing that any alleged lack of supervision was not a proximate cause of the incident through the deposition testimony of cafeteria monitor Joan Tamburello and the infant plaintiff. Tamburello testified that she instructed students on a daily basis not to run, and further stated that she was "one or two seconds away" from the site of the accident when it occurred. Moreover, the infant plaintiff testified at his deposition that Tamburello frequently warned the students not to run and had only done so shortly before the incident. In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.