KUNTHEA MUONG, Appellants, v 550 OCEAN AVENUE, LLC, et al., Respondents. [910 NYS2d 538]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated July 7, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On May 30, 2004, the plaintiffs' decedent, Gene Hop, allegedly was attacked and robbed in an outdoor passageway on the premises of 550 Ocean Avenue, the apartment building in which

he lived. Hop lost consciousness during the attack and, when he was revived, he had no memory of the incident. He died of his injuries four days later. The plaintiffs, who are the administrators of his estate, commenced this action against the owners and managers of the building, alleging that Hop had been attacked just inside the gate to the passageway and that the lock to that gate was frequently broken. The plaintiffs further alleged that the defendants had notice of this condition, including its most recent recurrence shortly before the attack. After discovery was completed, the defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that the plaintiffs did not know how or where the attack occurred and, therefore, could not establish that any negligence on the part of the defendants was a proximate cause of Hop's injuries. The Supreme Court granted the motion. We reverse.

"Landlords have a 'common-law duty to take minimal precautions to protect tenants from foreseeable harm,' including a third party's foreseeable criminal conduct" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998], quoting *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]; *see Rios v Jackson Assoc.*, 259 AD2d 608, 609 [1999]). "A tenant may recover damages, however, only on a showing that the landlord's negligent conduct was a proximate cause of the injury" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d at 548; *see Alvarez v Masaryk Towers Corp.*, 15 AD3d 428, 428-429 [2005]). "A plaintiff is not required to exclude every other possible cause, but need only offer evidence from which proximate cause may be reasonably inferred. Plaintiff's burden of proof on this issue is satisfied if the possibility of another explanation for the event is sufficiently remote or technical to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d at 550 [internal quotation marks and citations omitted]; *see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744-745 [1986]). Moreover, in order to withstand a motion for summary judgment, the plaintiff need not prove proximate cause by a preponderance of the evidence but, assuming that the defendant has met its prima facie burden, need only raise a triable issue of fact as to proximate cause (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d at 550; *Venetal v City of New York*, 21 AD3d 1087, 1090 [2005]).

Here, the defendants failed to meet their burden, inter alia, of establishing, prima facie, that Hop's injuries were not proximately caused by their negligence. The evidence submitted by the defendants themselves indicated that Hop was found sev-

eral feet inside the gate with grocery bags around him, that only Hop, his family, and the building's superintendent had keys to the passageway, and that Hop had previously been robbed in the passageway. This evidence failed to negate a reasonable inference that the attack occurred inside the passageway and that Hop's attacker had been able to gain access to it because of the allegedly negligently maintained lock of which the defendants had notice, rather than by alternative means not attributable to the defendants' alleged negligence (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d at 550; *Bennett v Twin Parks Northeast Houses*, 93 NY2d 860, 861 [1999]; *Venetal v City of New York*, 21 AD3d at 1090). Inasmuch as the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, their motion should have been denied without regard to the sufficiency of the plaintiffs' papers in opposition (*see Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.