ANDREW NYHUS et al., Respondents, v MICHAEL P. VALENTINO et al., Appellants. (And a Third-Party Action.) [922 NYS2d 421]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), entered December 18, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Michael P. Valentino and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages based upon a dangerous condition insofar as asserted against the defendant Robin Valentino and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The infant plaintiff, then nine years old, allegedly was injured while riding a motorized scooter in the street near the home of the defendants, Michael P. Valentino (hereinafter Michael) and Robin Valentino (hereinafter Robin). The infant plaintiff testified at his deposition that he was riding the scooter at a speed of about 10 to 15 miles per hour when the scooter hit the curb and fell over. At the time of the accident, the infant plaintiff and two or three other boys were on a "play date" with the defendants' nine-year-old son. Although the motorized scooter belonged to one of the other visiting boys, Robin had given that child's mother permission to bring it to her home for the children to ride. It is undisputed that Michael was not home at the time of the accident.

Following the accident, the plaintiffs commenced this action to recover damages for personal injuries, alleging that the infant plaintiff was injured as a result of negligent supervision, negligent entrustment of a dangerous instrument, and a dangerous condition on the defendants' premises. After depositions were conducted, the defendants moved for summary judgment dismissing the complaint, arguing that the accident did not occur as a result of any dangerous condition on their property, that they did not entrust the motorized scooter to the infant plaintiff, and that Robin adequately supervised the children. The Supreme Court denied the defendants' motion. We modify.

The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Michael. The defendants made a prima facie showing that Michael was entitled to judgment as a matter of law by submitting evidence that the accident, which occurred on the street near their home, was not caused by a dangerous condition on their property (see *Marino v Bingler*, 60 AD3d 645, 647 [2009]). The defendants also made a

prima facie showing that the infant plaintiff was not in Michael's care at the time of the accident, and that Michael did not provide or entrust the motorized scooter to the infant plaintiff (*id.* at 647; *see Nadeau v Stack*, 87 AD2d 943, 944 [1982]). In opposition, the plaintiffs failed to raise a triable issue of fact as to Michael's liability.

Since the defendants established, prima facie, that the accident did not occur on their property and the plaintiffs failed to raise a triable issue of fact in this regard, the Supreme Court should also have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages based upon a dangerous condition insofar as asserted against Robin. However, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the negligent supervision and negligent entrustment claims insofar as asserted against Robin. The defendants failed to make a prima facie showing that Robin used reasonable care to adequately protect and supervise the infant plaintiff while he was in her care during the play date (*see Zalak v Carroll*, 15 NY2d 753, 754 [1965]; *Brennan v Sinski*, 31 AD3d 1108, 1109 [2006]; *Goldstein v Welter*, 303 AD2d 551 [2003]; *Appell v Mandel*, 296 AD2d 514 [2002]), and that she did not entrust the motorized scooter, an allegedly dangerous instrument unsuitable for a nine-year-old to ride, to the infant plaintiff (*see Ripton v Gracie*, 266 AD2d 885 [1999]; *see also Rios v Smith*, 95 NY2d 647 [2001]; *Kelly v DiCerbo*, 27 AD3d 1082, 1083 [2006]). Covello, J.P., Eng, Hall and Roman, JJ., concur.