■ Kaylee Atehortua, an Infant, by Her Mother and Natural Guardian, Danielle Atehortua, et al., Respondents, v Jamie Lewin et al., Appellants. [935 NYS2d 102]—

While landowners have a duty to maintain their property in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 241 [1976]; *Mathew v A.J. Richard & Sons*, 84 AD3d 1038, 1039 [2011]), a landowner has no duty to protect or warn against an open and obvious condition, which as a matter of law is not inherently dangerous (*see Mathew v A.J. Richard & Sons*, 84 AD3d at 1039; *Katz v Westchester County Healthcare Corp.*, 82 AD3d 712, 713 [2011]; *Tyz v First St. Holding Co., Inc.*, 78 AD3d 818, 819 [2010]; *Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932, 933 [2010]; *Bretts v Lincoln Plaza Assoc., Inc.*, 67 AD3d 943, 944 [2009]; *Neville v 187 E. Main St., LLC*, 33 AD3d 682, 683 [2006]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). "Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances" (*Katz v Westchester County Healthcare Corp.*, 82 AD3d at 713). A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted (*id.*; *see Stoppeli v Yacenda*, 78 AD3d 815, 816 [2010]; *Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061, 1062 [2010]; *Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]).

The infant plaintiff was injured when she tripped and fell over a "Slip and Slide" toy in the defendants' backyard. The evidence submitted by the defendants in support of their motion for summary judgment dismissing the complaint, which included video surveillance footage of the accident, established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for the defendants' negligent maintenance of their property. The evidence demonstrated that the Slip and Slide was an open and obvious condi-

tion which was not inherently dangerous (*see Mathew v A.J. Richard & Sons*, 84 AD3d at 1039; *Flaim v Hex Food, Inc.*, 79 AD3d 797, 798 [2010]; *Tyz v First St. Holding Co., Inc.*, 78 AD3d at 818; *Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d at 933; *Stern v Costco Wholesale*, 63 AD3d 1139, 1140 [2009]; *Bernth v King Kullen Grocery Co., Inc.*, 36 AD3d 844, 845 [2007]; *Pirie v Krasinski*, 18 AD3d 848, 849 [2005]). The video footage also supported the defendants' assertion that there was more than enough space between the nearby kiddie pool and the end of the Slip and Slide for the infant plaintiff to have easily avoided walking over any part of the Slip and Slide to reach the defendants' house. In opposition, the affidavits of the infant plaintiff and her brother failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Thus, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action based on negligent maintenance of the property.

The Supreme Court should have also granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for negligent supervision. A person to whom the custody and care of a child is entrusted by a parent "is required to use reasonable care to protect the infant over whom he or she has assumed temporary custody or control. Such a person may be liable for any injury sustained by the infant which was proximately caused by his or her [own] negligence. While a person caring for entrusted children is not cast in the role of an insurer, such an individual is obliged to provide adequate supervision and may be held liable for foreseeable injuries proximately resulting from the negligent failure to do so" (*Appell v Mandel*, 296 AD2d 514 [2002]; *see Brennan v Sinski*, 31 AD3d 1108, 1109 [2006]; *Goldstein v Welter*, 303 AD2d 551 [2003]; *Singh v Persaud*, 269 AD2d 381, 382 [2000]; *Fernandez v Stepping Stone Day School*, 291 AD2d 530 [2002]; *see generally Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Zalak v Carroll*, 15 NY2d 753, 754 [1965]; *Nyhus v Valentino*, 83 AD3d 802, 804 [2011]). However, when an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, " 'any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the . . . defendants is warranted' " (*Nash v Port Wash. Union Free School Dist.*, 83 AD3d 136, 151 [2011], quoting *Luciano v Our Lady of Sorrows School*, 79 AD3d 705, 705 [2010]; *see Tanenbaum v Minnesauke Elementary School*, 73 AD3d 743, 744 [2010]; *Mayer v Mahopac Cent. School Dist.*, 29 AD3d 653, 654 [2006]; *Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]).

Here, the video footage showed that the accident occurred in so short a span of time that even the most intense supervision could not have prevented it, and any lack of supervision was not the proximate cause of the infant plaintiff's injuries. In opposition, the plaintiffs failed to raise a triable issue of fact. Florio, J.P., Balkin, Belen and Chambers, JJ., concur.