██ MARY ANN ZARILLA et al., Respondents, v Lisa Pennachio, Also Known as LISA RIBAUSO, Appellant. [934 NYS2d 858]—

A parent owes a duty to protect third parties from harm that is clearly foreseeable from his or her child's improvident use or operation of a dangerous instrument, where such use is found to be subject to the parent's control (*see Rios v Smith*, 95 NY2d 647, 653 [2001]; *LaTorre v Genesee Mgt.*, 90 NY2d 576, 582 [1997]; *Nolechek v Gesuale*, 46 NY2d 332, 340 [1978]). "[I]tems that are commonly used by children, of suitable age in a manner consistent with their intended use, may not, as a matter of

law, be classified as dangerous instruments" (*Rios v Smith*, 95 NY2d at 653).

Here, the defendant made a prima facie showing of entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *cf. Nyhus v Valentino*, 83 AD3d 802, 804 [2011]). Michael was of a suitable age to use the subject scooter, a toy manufactured for children between the ages of three to six. Further, Michael's operation of the scooter was consistent with its intended use. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint and denied, as academic, the plaintiffs' cross motion for a trial preference. Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.