(August 29, 2012)

■ CESAR IVAN A., Individually and as Father and Natural Guardian of AMY A., an Infant, Appellant, v LOLITA CHILD DAY CARE et al., Respondents. [950 NYS2d 190]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Nahman, J.), dated July 21, 2011, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On November 7, 2008, while at the defendant Lolita Child Day Care, and in the care of the defendants Dolores Pesantez and Eugenia Maldonado (hereinafter together the individual defendants), the plaintiff's daughter (hereinafter the infant), then two years and 10 months old, sustained an eye injury. According to the individual defendants, the infant was playing on the floor with another child, Sophia, when the infant cried out in pain. According to Pesantez, the infant said that Sophia had placed her finger in the infant's eye. According to Maldonado, the infant reported that Sophia had punched or hit her eye. The next day the infant's parents took her to the emergency room.

Two days later, surgery revealed that the infant had sustained a penetrating corneal injury from a pencil. The plaintiff commenced this action, alleging that the defendants were negligent in their supervision of the infant. After the note of issue was filed, the defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that there was no proof that the infant was poked in the eye with a pencil at their day care center. The Supreme Court granted the motion. The plaintiff appeals, and we reverse.

Both a day care program and a person to whom the custody and care of a child is entrusted by a parent have a duty to adequately supervise children in their charge, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Atehortua v Lewin*, 90 AD3d 794, 795 [2011]; *Lowe v Meacham Child Care & Learning Ctr., Inc.*, 74 AD3d 1029 [2010]; *Goldstein v Welter*, 303 AD2d 551 [2003]; *Appell v Mandel*, 296 AD2d 514, 514 [2002]; *Fernandez v Stepping Stone Day School*, 291 AD2d 530, 530-531 [2002]; *Singh v Persaud*, 269 AD2d 381, 382 [2000]). "A plaintiff is not required to exclude every other possible cause, but need only offer evidence from which proximate cause may be reasonably inferred. Plaintiff's burden of proof on this issue is satisfied if the possibility of another explanation for the event is sufficiently remote or technical to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550 [1998] [internal quotation marks and citations omitted]; *see Bennett v Twin Parks Northeast Houses*, 93 NY2d 860, 861 [1999]; *Gayle v City of New York*, 92 NY2d 936, 937 [1998]; *Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744-745 [1986]; *Muong v 550 Ocean Ave., LLC*, 78 AD3d 797, 798 [2010]; *Cain v Amaro*, 287 AD2d 676, 677 [2001]).

Here, the defendants failed to meet their burden of establishing, prima facie, that the infant's injuries were not proximately caused by their negligence. The evidence submitted by the defendants themselves showed that the infant sustained an eye injury while in their care on November 7, 2008, and neither of the individual defendants witnessed the incident that caused the injury. The evidence further established that the infant was brought to the emergency room the following day and ultimately it was learned that she had sustained a penetrating corneal injury from a pencil. This evidence failed to negate a reasonable inference that the injury occurred at the defendant day care center and that the defendants had failed to provide adequate supervision (*see Bennett v Twin Parks Northeast Houses*, 93

NY2d at 861; *Burgos v Aqueduct Realty Corp.*, 92 NY2d at 550; *Muong v 550 Ocean Ave., LLC*, 78 AD3d at 799). Inasmuch as the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, their motion should have been denied without regard to the sufficiency of the plaintiff's papers in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Rivera, J.P., Florio, Eng and Cohen, JJ., concur.