*683 In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Tolbert, J), dated August 12, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
A school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent (see Mirand v City of New York, 84 NY2d 44, 49 [1994]). A school, however, is not an insurer of its students’ safety, and will be held liable only for foreseeable injuries proximately related to the absence of adequate supervision (see Paca v City of New York, 51 AD3d 991, 992 [2008]; Janukajtis v Fallon, 284 AD2d 428, 429 [2001]). “Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of [a school] is warranted” (Convey v City of Rye School Dist, 271 AD2d 154, 160 [2000]; see Atehortua v Lewin, 90 AD3d 794 [2011]; Tanenbaum v Minnesauke Elementary School, 73 AD3d 743, 744 [2010]; Siegell v Herricks Union Free School Dist., 7 AD3d 607, 608 [2004]; Tanon v Eppler, 5 AD3d 667, 668 [2004]).
Here, the defendants, the City of Yonkers and the Yonkers Board of Education, established their prima facie entitlement to judgment as a matter of law by demonstrating that the accident, which occurred when the plaintiff suddenly fainted, could not have been prevented by the most intense supervision (see Atehortua v Lewin, 90 AD3d at 796). In opposition, the plaintiff failed to raise a triable issue of fact (see Brian O. v Riverhead Cent. School Dist., 95 AD3d 1086, 1087 [2012]). Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Rivera, J.P., Hall, Roman and Miller, JJ., concur.