■ Aiden Aminov, an Infant, by His Father and Natural Guardian, Matvey Aminov, et al., Appellants, v Samuel Field YM & YWHA, Inc., Respondent. [989 NYS2d 328]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Siegal, J.), entered July 31, 2012, which, upon a jury verdict finding that the defendant was negligent, but that its negligence was not a substantial factor in causing the subject accident, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 133-134 [1985]). Here, it was a fair interpretation of the evidence for the jury to have found that although the defendant was negligent in supervising the infant plaintiff, its negligence was not a substantial factor in causing the subject accident (*see Mirand v City of New York*, 84 NY2d 44, 50 [1994]; *Diaz v City of Yonkers*, 103 AD3d 682, 683 [2013]; *Tanon v Eppler*, 5 AD3d 667, 667 [2004]).

The plaintiffs' remaining contentions are either without merit or not properly before this Court. Eng, P.J., Leventhal, Lott and Hinds-Radix, JJ., concur.