A.D.G. v Children's Ark Daycare Ctr., Inc. (2019 NY Slip Op 05959)





A.D.G. v Children's Ark Daycare Ctr., Inc.


2019 NY Slip Op 05959


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2016-07627
 (Index No. 20278/12)

[*1]A.D.G., etc., et al., respondents, 
v
Children's Ark Daycare Center, Inc., etc., appellant.


Barry, McTiernan & Moore LLC, New York, NY (David H. Schultz, Suzanne M. Halbardier, and Courtney A. Chadwell of counsel), for appellant.
Fischer & Burnstein, P.C., Kew Gardens, NY (Steven Herschkowitz of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Bert A. Bunyan, J.), dated June 1, 2016. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligent supervision.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The infant plaintiff, by his mother, and his mother, individually, commenced this action against the defendant, a provider of day care services, to recover damages for personal injuries allegedly sustained by the infant plaintiff while he was in the care and custody of the defendant. Following the completion of discovery, the defendant moved, inter alia, for summary judgment dismissing the cause of action alleging negligent supervision. In an order dated June 1, 2016, the Supreme Court, among other things, denied that branch of the defendant's motion. The defendant appeals.
The defendant, as a provider of day care services, was under a duty to adequately supervise the children in its charge and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44, 49-50; Gonzales v Munchkinland Child Care, LLC, 89 AD3d 987, 987; Douglas v John Hus Moravian Church of Brooklyn, Inc., 8 AD3d 327, 328; Colarusso v Dunne, 286 AD2d 37, 40). "A plaintiff is not required to exclude every other possible cause, but need only offer evidence from which proximate cause may be reasonably inferred. [The p]laintiff's burden of proof on this issue is satisfied if the possibility of another explanation for the event is sufficiently remote or technical to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (Burgos v Aqueduct Realty Corp., 92 NY2d 544, 550 [citations and internal quotation marks omitted]; see Bennett v Twin Parks Northeast Houses, 93 NY2d 860, 861; Gayle v City of New York, 92 NY2d 936, 937; Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743, 744-745; Muong v 550 Ocean Ave., LLC, 78 AD3d 797, 798; Cain v Amaro, 287 AD2d 676, 677).
Here, the defendant failed to establish, prima facie, that the infant plaintiff's injuries [*2]were not proximately caused by its negligence. The defendant's submissions failed to negate a reasonable inference that the injury occurred at the defendant's day care center and that the defendant failed to provide adequate supervision (see Bennett v Twin Parks Northeast Houses, 93 NY2d at 861; Burgos v Aqueduct Realty Corp., 92 NY2d at 550; Cesar Ivan A. v Lolita Child Day Care, 98 AD3d 697, 698-699; Muong v 550 Ocean Ave., LLC, 78 AD3d at 799). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligent supervision.
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court