Reich v Alexander's, Inc. (2020 NY Slip Op 02486)





Reich v Alexander's, Inc.


2020 NY Slip Op 02486


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2017-06173
 (Index No. 5249/15)

[*1]Abraham Reich, appellant-respondent, 
v
Alexander's, Inc., et al., respondents-appellants.


Sacco & Fillas LLP, Astoria, NY (Ying Hua Huang of counsel), for appellant-respondent.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Louise M. Cherkis of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated April 28, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, the plaintiff's motion pursuant to CPLR 3403 for a trial preference.
ORDERED that the cross appeal is dismissed, as the defendants are not aggrieved by the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 148); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained after he fell at the Rego Park Center mall. The plaintiff testified that he stopped by one of the benches and when he started to walk away, "[his] foot got caught under the bench leg." The plaintiff further testified that he returned to the site of the accident later that day and observed that the bench leg, which had allegedly caught his foot, was bent and protruding outward approximately two inches into the pedestrian walkway. The plaintiff, who had frequented that mall more than 100 times and had previously been to the area of the mall where the accident had occurred, had never noticed the bent bench leg. No one, including the plaintiff, had ever complained about the bent bench leg to the defendants. Nor had any prior accidents involving the bent bench leg been reported to the defendants. The plaintiff's engineering expert opined that the defendants were negligent in permitting the bench leg to protrude into the pedestrian walkway so as to create a tripping hazard.
The defendants moved for summary judgment dismissing the complaint on the grounds that they did not cause or create the alleged defect, they had no actual or constructive notice of the alleged defect, and, in any event, the defect was trivial as a matter of law. The defendants submitted, inter alia, photographs of the accident site and alleged defective bench leg, which were identified by the plaintiff at his deposition as accurately depicting the site of the accident and the condition of the bench leg at the time of the accident. The plaintiff moved pursuant to CPLR 3403 for a trial preference based on age. The Supreme Court granted the defendants' motion for summary [*2]judgment on the ground that the photographic evidence established that the alleged defect was trivial as a matter of law and, thus, not actionable. Consequently, the court denied, as academic, the plaintiff's motion for a trial preference.
"While it is generally true that the finding of the existence of a dangerous or defective condition depends on the peculiar facts and circumstances of each case and is ordinarily a question of fact for the jury, not every determination poses a jury question" (Hymanson v A.L.L. Assoc., 300 AD2d 358, 358 [citation omitted]; see Trincere v County of Suffolk, 90 NY2d 976). Injuries resulting from trivial defects are generally not actionable (see Outlaw v Citibank, N.A., 35 AD3d 564). In determining whether a defect is trivial, the court must examine all of the facts presented "including the width, depth, elevation, irregularity, and appearance of the defect along with the time, place, and circumstances of the injury" (Sanna v Wal-Mart Stores, 271 AD2d 595, 595). "[A] property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes or trip" (Deviva v Bourbon St. Fine Foods & Spirit, 116 AD3d 654, 655 [internal quotation marks omitted]). Photographs which fairly and accurately represent the accident site may be used to establish whether a defect is trivial and not actionable (see Das v Sun Wah Rest., 99 AD3d 752).
Here, the evidence that the defendants submitted in support of their motion, including several photographs of the alleged defect, established prima facie that, as a matter of law, under all the circumstances, including the lighting conditions at the time of the accident, the plaintiff's unobstructed view of the alleged defect, and the condition and location of the bench leg, the alleged defect was trivial and, therefore, not actionable (see Milewski v Washington Mut., Inc., 88 AD3d 853). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint and deny, as academic, the plaintiff's motion pursuant to CPLR 3403 for a trial preference (see Zarilla v Pennachio, 90 AD3d 1040).
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court