■ RAYMOND J. MEYER et al., Appellants, v NOEL TYNER et al., Respondents. [709 NYS2d 618] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), entered May 10, 1999, which granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs allege that they sustained injuries when, while looking at a house for sale which was owned by the defendants Noel Tyner and Trudina Tyner, they went up to a dimly lit attic, stepped off a plywood landing, and fell through the insulation. The house was listed for sale with the defendant Country Squire Real Estate, Inc. The defendant Sammis Group, Inc., brought the plaintiffs to the house. The plaintiffs claim that the defendants had a duty to warn them of the unfinished condition of the floor of the attic.

It is well established that landowners who hold their property open to the public have a general duty to maintain it in a reasonably safe condition so as to prevent the occurrence of foreseeable injuries (*see, Basso v Miller,* 40 NY2d 233). Encompassed within this duty is the duty to warn of potential dangerous conditions existing thereon, whether they are natural or artificial (*see, Basso v Miller, supra*). This duty extends, however, only to those conditions not readily observable. The landowners owe no duty to warn of conditions that are in plain view, and easily discoverable by those employing the reasonable use of their senses (*see, Paulo v Great Atl. & Pac. Tea Co.,* 233 AD2d 380).

Poor illumination and similarity of color between the insulation and the attic floor were insufficient to raise a triable issue of fact as to whether the unfinished nature of an attic floor was a dangerous condition. The unfinished floor was readily observ-

able, in plain view, and easily discoverable by those employing the reasonable use of their senses (*see, Paulo v Great Atl. & Pac. Tea Co., supra*). The defendant homeowners owed no duty to warn the plaintiffs of the dangerous condition and, therefore, their motion for summary judgment was properly granted.

The respective motions of the real estate agents were also properly granted. Those defendants demonstrated that they did not own, occupy, control, or make a special use of the subject premises, and the plaintiffs failed to raise any triable issue of fact with respect thereto (*see, Elbert v J.F.V. Enter. Co.,* 234 AD2d 413).

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Ritter, Altman and Feuerstein, JJ., concur.