■ DESIREE STEMBERGA, Respondent, v TERM SECURITY CORP., Defendant, and CARBON RESTAURANT, Appellant. [738 NYS2d 76] —In an action to recover damages for personal injuries, the defendant Carbon Restaurant appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated May 2, 2001, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Carbon Restaurant, and the action against the remaining defendant is severed.

The plaintiff alleges that she sustained injuries when she tripped over an ottoman with wheels on the floor of the appellant's establishment. The plaintiff testified at her examination before trial that the ottoman was "approximately a foot and a half in height."

Landowners who hold their property open to the public have a general duty to maintain it in a reasonably safe condition so as to prevent the occurrence of foreseeable injuries (*see, Basso v Miller,* 40 NY2d 233). Encompassed within this duty is the duty to warn of potential dangerous conditions thereon, whether they are natural or artificial. This duty extends, however, only to those conditions not readily observable (*see, Meyer v Tyner,* 273 AD2d 364). Landowners owe no duty to warn of conditions that are in plain view, and easily discoverable by those employing the reasonable use of their senses (*see, Paulo v Great Atl. & Pac. Tea Co.,* 233 AD2d 380).

The allegation of poor illumination at the location where the accident occurred was insufficient to raise a triable issue of fact as to whether the placement of the ottoman on the floor was a dangerous condition. The ottoman was readily observable, in plain view, and easily discoverable by those employing the reasonable use of their senses (*see, Meyer v Tyner, supra*). Thus, the appellant owed no duty to warn the plaintiff of a dangerous condition and, therefore, the motion for summary judgment should have been granted. Altman, J.P., Smith, Krausman, McGinity and Cozier, JJ., concur.