■ MARY PIRIE et al., Appellants, v BRIAN KRASINSKI et al., Respondents. [796 NYS2d 671]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), entered February 11, 2004, as granted those branches of the respective motions of the defendants Brian Krasinski and Laura Krasinski, and the defendants Evelyn Atanas and Atanas Realty Corporation, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff Mary Pirie (hereinafter the plaintiff) allegedly was injured when, while viewing the property of the defendants Laura Krasinski and Brian Krasinski during an open house, she failed to notice a height differential between the second floor hallway and one of the adjacent rooms and fell into the room. At the time of the accident, the plaintiff knew that she was entering the room but was not looking where she was stepping; rather, she was observing colonial molding near the ceiling of the hallway and stepped sideways into to the room, assuming that the room and the hallway were on the same level.

The plaintiff and her husband commenced this action against the owners of the property, the defendants Brian Krasinski and Laura Krasinski, as well as the Krasinskis' real estate agents, the defendants Evelyn Atanas and Atanas Realty Corporation (hereinafter collectively the Atanas defendants).

A landowner has no duty to warn of conditions that are not inherently dangerous and "that are readily observable by the reasonable use of one's senses" (*Pedersen v Kar, Ltd.*, 283 AD2d 625, 625-626 [2001]; *see also Cupo v Karfunkel*, 1 AD3d 48, 51-52 [2003]; *Fabian v Sunbury Footaction*, 292 AD2d 340 [2002]; *Meyer v Tyner*, 273 AD2d 364 [2000]). The Krasinskis established their prima facie entitlement to judgment as a matter of law by tendering evidence that the height differential between the hallway and the bedroom was both open and obvious and not inherently dangerous (*see Behar v All Seasons Motor*

*Lodge,* 6 AD3d 639 [2004]; *Wint v Fulton St. Art Gallery,* 263 AD2d 541 [1999]). In opposition, the plaintiffs tendered the affidavit of an architect, Steven Zalben, who opined that "a single step is a dangerous condition" and that "single steps in interior areas of living spaces are dangerous by their very nature." Such generalized, conclusory, and speculative assertions with no independent factual basis are insufficient to defeat a motion for summary judgment (*see Aghabi v Sebro,* 256 AD2d 287, 288 [1998]; *Bennett v Superior Spring & Mfg. Co.,* 147 AD2d 517 [1989]).

Similarly, the Atanas defendants established their entitlement to judgment as a matter of law by demonstrating that they did not own, control, occupy, or make special use of the premises and that they owed no duty of care to the plaintiffs (*see Meyer v Tyner,* 273 AD2d 364 [2000]; *Chapman v Pounds,* 268 AD2d 769, 771 [2000]; *Bruhns v Antonelli,* 255 AD2d 478 [1998]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' respective motions for summary judgment dismissing the complaint. Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.