■ Luz Luciano, Respondent, v 144-18 Rockaway Realty Corp. et al., Appellants. [820 NYS2d 139]—

In an action to recover damages for personal injuries, the defendants separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated May 9, 2005, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from,

on the law, with one bill of costs, the motions are granted, and the complaint is dismissed.

The plaintiff allegedly was injured when she fell from a step while exiting a grocery store owned by the defendant 144-18 Rockaway Realty Corp. and leased by the defendant Jonathan Grocery, Inc. The plaintiff, who had frequented the store on prior occasions, was aware of the existence of the step.

The defendants established their entitlement to judgment as a matter of law by demonstrating that the condition which allegedly caused the plaintiff to fall was open and obvious and not inherently dangerous (*see Pirie v Krasinski,* 18 AD3d 848, 849 [2005]; *Behar v All Seasons Motor Lodge,* 6 AD3d 639, 640 [2004]; *Pedersen v Kar, Ltd.,* 283 AD2d 625 [2001]; *Canetti v AMCI, Ltd.,* 281 AD2d 381, 382 [2001]; *Wint v Fulton St. Art Gallery,* 263 AD2d 541 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Crane, J.P., Rivera, Skelos and Dillon, JJ., concur.