ANN MURRAY et al., Appellants, v DOCKSIDE 500 MARINA, INC., et al., Respondents. [821 NYS2d 608]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Costello, J.), dated November 12, 2004, which granted the separate motions of the defendants Dockside 500 Marina, Inc., and Maple Operating Corp., doing business as Sunset Harbour, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The plaintiffs contend that the Supreme Court erred in granting the separate motions of the defendants Dockside 500 Marina, Inc. (hereinafter Dockside), and Maple Operating Corp., doing business as Sunset Harbour (hereinafter Maple), for summary judgment dismissing the complaint. We disagree.

The plaintiff Ann Murray allegedly was injured when she fell off a door platform step at a catering hall owned by Dockside and operated by Maple. The plaintiffs alleged, inter alia, that the defendants created an unsafe condition by allowing the doorway platform, the step, and the floor below, to be covered, without markings or a handrail, in dark green carpeting.

In support of their motions, the defendants presented proof showing that the site in question complied with existing code requirements. Moreover, they presented evidence that at the side entrance in question, there was sufficient natural ambient lighting so that the single step descending from the doorway platform to the catering hall was both open and obvious, and did not constitute an inherently dangerous condition (*see Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). This proof was sufficient to establish their entitlement to judgment as a matter of law (*see Pirie v Krasinski*, 18 AD3d 849 [2005]). In order to defeat the motion, the plaintiffs were required to present proof demonstrating the existence of an issue of fact as to whether other circumstances prevailed which could lead the trier of fact to conclude that a dangerous condition existed which was a substantial cause of the incident resulting in the plaintiff Ann Murray's injury (*see e.g. Miner v Northport Yacht Club,* 15 AD3d 362 [2005]; *Scher v Stropoli,* 7 AD3d 777 [2004]). Here, the affidavit of the plaintiffs' expert, who did not personally inspect the site, was insufficient to raise a triable issue of fact since it failed to indicate how the alleged violations of the engineering standards set forth were a substantial factor in the causation of the accident as described by the plaintiff, to wit, the creation of an optical illusion by the consistency of color and texture of the carpeting on the differing elevations in the side entrance of the defendants' premises (*see Meyer v Tyner,* 273 AD2d 364 [2000]). Accordingly, the Supreme Court properly granted the defendants' motions.

Motion by the respondent Dockside 500 Marina, Inc., on an appeal from an order of the Supreme Court, Suffolk County, dated November 12, 2004, to strike point III of the appellants' reply brief on the ground that it "refers to" arguments not raised in their main brief. Separate motion by the respondent Maple Operating Corp., doing business as Sunset Harbour for the same relief. By decision and order on motion dated November 16, 2005, the motions were held in abeyance, and was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motions, the papers filed in opposition thereto, and the argument of the appeal, it is

Ordered that the motions are denied. Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.