■ BRIAN DOOLEY, Appellant, v VORNADO REALTY TRUST, Respondent. (And a Third-Party Action.) [835 NYS2d 237]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated November 2, 2005, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly fell from a staircase in the subcellar level of the defendant's building. In a premises liability case, the defendant owner moving for summary judgment has the initial burden of establishing that it did not create a defective condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Mejia v City of New York,* 33 AD3d 675 [2006]; *Joachim v 1824 Church Ave., Inc.,* 12 AD3d 409 [2004]).

Here, in response to the defendant's demonstration of its entitlement to judgment as a matter of law (*see Robinson v Lupo,* 261 AD2d 525 [1999]), the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Contrary to the contention of the plaintiff's expert, the Administrative Code of the City of New York § 27-375 is not applicable to the subject staircase because it did not serve as a required exit from the building (*see* Administrative Code of City of New York §§ 27-232, 27-375; *Weiss v City of New York,* 16 AD3d 680, 681-682 [2005]; *Walker v 127 W. 22nd St. Assoc.,* 281 AD2d 539 [2001]). Rivera, J.P., Ritter, Goldstein and Angiolillo, JJ., concur.