■ GRETEL GROON, Respondent, v HERRICKS UNION FREE SCHOOL DISTRICT, Appellant. [839 NYS2d 788]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated March 14, 2007, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

While present on the defendant's premises to vote in a school budget election, the plaintiff allegedly fell and sustained various personal injuries when she failed to note the existence of a single step in a hallway leading to the gymnasium, where the voting was taking place. The plaintiff acknowledged that she had been looking at a sign on the wall just before approaching the step. The evidence in the record, including photographs taken by the plaintiff's daughter shortly after the accident, revealed that a yellow line had been painted across the top of the step to alert passersby of the height differential and that, also present, to the side, was a short ramp, allowing passersby to circumvent the step altogether. After the plaintiff commenced this action, alleging that the step constituted a defective condition, the defendant moved for summary judgment dismissing the complaint.

A landowner has a duty to maintain his or her premises in a reasonably safe manner (*see Basso v Miller,* 40 NY2d 233 [1976]). However, a landowner has no duty to protect or warn against conditions that are not inherently dangerous and that are readily observable by the reasonable use of one's senses (*see Pirie v Krasinski,* 18 AD3d 848, 849 [2005]; *Pedersen v Kar, Ltd.,* 283 AD2d 625, 625-626 [2001]). Here, the defendant established its prima facie entitlement to judgment as a matter of law by tendering evidence that the step was open and obvious and not inherently dangerous (*see Pirie v Krasinski, supra*). The evidence which the plaintiff presented in opposition to the motion, including the affidavit of her engineering expert, failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Spolzino, J.P., Krausman, Angiolillo and McCarthy, JJ., concur.