■ ELAINE BRETTS et al., Respondents, v LINCOLN PLAZA ASSOCIATES, INC., et al., Appellants. [890 NYS2d 87]—

In an action to recover damages for personal injuries, etc., the defendant Johnny's Pizza appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 23, 2008, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Lincoln Plaza Associates, Inc., separately appeals from so much of the same order as denied its separate motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, and the respective motions of the defendants Johnny's Pizza and Lincoln Plaza Associates, Inc., for summary judgment dismissing the complaint insofar as asserted against them are granted.

The injured plaintiff allegedly tripped and fell over a single-step riser separating the workers' area and the patrons' area at premises owned by the defendant Lincoln Plaza Associates, Inc., and leased to the defendant Johnny's Pizza. There was a gold-color nosing on the step, and the pattern of the tiles on top of the step was different from the pattern of the tiles below the step. There was also a sign stating "Watch Your Step" adjacent to the step. The injured plaintiff alleged that she did not see the step or the sign before the accident. The defendants Johnny's Pizza and Lincoln Plaza Associates, Inc., separately moved for summary judgment dismissing the complaint insofar as asserted against them, contending that the step was open and obvious and not inherently dangerous. The Supreme Court denied the motions, and we reverse.

A landowner has a duty to maintain his premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241 [1976]). However, he has no duty to protect or warn against an open and obvious condition, which as a matter of law is not inherently dangerous (see Murray v Dockside 500 Mar., Inc., 32 AD3d 832, 833 [2006]; Luciano v 144-18 Rockaway Realty Corp., 32 AD3d 505, 506 [2006]; Cupo v Karfunkel, 1 AD3d 48, 52 [2003]). The defendants established, prima facie, that the step at issue was open and obvious and not inherently dangerous (see Groon v Herricks Union Free School Dist., 42 AD3d 431 [2007]; Pirie v Krasinski, 18 AD3d 848, 849 [2005]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Rivera, J.P., Fisher, Belen and Austin, JJ., concur.