BARBARA WEISS, Appellant, v HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT, Respondent. [893 NYS2d 877]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Costello, J.), dated April 24, 2009, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered July 22, 2009, which, upon the order, is in favor of the defendant and against her.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d

241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff alleges that on November 7, 2006, while exiting the defendant's school after having voted, she tripped and fell over a single-step riser separating a landing just outside the doors of the defendant's school from an abutting sidewalk. The plaintiff had recently traversed, without incident, the riser, which was painted yellow, on her way into the school to vote. The plaintiff testified at her deposition that just prior to the accident, she was looking "[s]traight ahead." The defendant moved for summary judgment dismissing the complaint, contending that the riser was open and obvious and not inherently dangerous. The Supreme Court granted the motion. We affirm.

While a landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233 [1976]), a landowner has no duty to protect or warn against open and obvious conditions that are not inherently dangerous (*see Pipitone v 7-Eleven, Inc.*, 67 AD3d 879 [2009]; *Pirie v Krasinski*, 18 AD3d 848, 849 [2005]). Here, the defendant established its entitlement to judgment as a matter of law with evidence that the riser, which was painted yellow and highly visible, was open and obvious and not inherently dangerous (*see Bretts v Lincoln Plaza Assoc., Inc.*, 67 AD3d 943 [2009]; *Pipitone v 7-Eleven, Inc.*, 67 AD3d 879 [2009]; *Groon v Herricks Union Free School Dist.*, 42 AD3d 431 [2007]; *Pirie v Krasinski*, 18 AD3d at 849).

The evidence presented by the plaintiff in opposition, including the affidavit of her expert, failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Fisher, J.P., Florio, Belen and Austin, JJ., concur.