■ JEAN TYZ, Appellant, v FIRST STREET HOLDING COMPANY, INC., et al., Respondents. [910 NYS2d 179]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated January 5, 2010, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff fell, after failing to notice an elevation dif-

ferential, caused by a single step riser separating an elevated area of the restaurant where she had eaten dinner, and the floor of the main area of the restaurant. Notably, the plaintiff had traversed the riser, without incident, approximately two hours earlier, when she first entered the booth where she ate her meal. At her deposition, the plaintiff acknowledged that she did not know where she was looking when she exited the booth after finishing her meal.

The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the riser was open and obvious and not inherently dangerous. The Supreme Court granted the motion. We affirm.

While a landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233, 234 [1976]), a landowner has no duty to protect or warn against open and obvious conditions that are not inherently dangerous (*see Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932, 933 [2010]; *Rivas-Chirino v Wildlife Conservation Socy.*, 64 AD3d 556, 557 [2009]). Here, the defendants established their entitlement to judgment as a matter of law with photographic evidence that the blue carpeting of the riser stood in sharp visual contrast to the stained red oak floor of the restaurant. In support of their motion, the defendants also submitted a letter from the Incorporated Village of Mineola to the restaurant's owner, which indicated that a routine inspection, which was performed on a prior date, when the complained-of condition already existed, failed to find any violations of the applicable fire and building codes.

The evidence presented by the plaintiff in opposition to the defendants' motion for summary judgment dismissing the complaint, including the affidavit of her engineering expert and the expert's report, failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.