■ RONALD RYAN, Appellant, v RICHMOND COUNTY YACHT CLUB, INCORPORATED, Respondent. [922 NYS2d 155]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Minardo, J.), dated February 19, 2010, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) so much of an order of the same court entered July 21, 2010, as denied that branch of his motion which was for leave to renew his opposition to the prior motion.

Ordered that the order dated February 19, 2010, is affirmed; and it is further,

Ordered that the order entered July 21, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The complaint alleges that on November 11, 2006, the plaintiff was walking down a hallway in the premises of the defendant, Richmond County Yacht Club, Incorporated, while carrying a cake at waist height, with both hands underneath the cake. The plaintiff failed to see two steps and fell, injuring himself.

It is axiomatic that a landowner has a duty to maintain his or her premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233 [1976]; *Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637 [2011]). A landowner has no duty, however, to protect or warn against conditions that are not inherently dangerous and that are readily observable by the reasonable use of one's senses (*see Bloomfield v Jericho Union Free School Dist.*, 80 AD3d at 638, 639; *Thomas v Pleasantville Union Free School Dist.*, 79 AD3d 853 [2010], *lv denied* 16 NY3d 708 [2011]; *Groon v Herricks Union Free School Dist.*, 42 AD3d 431 [2007]; *Pirie v Krasinski*, 18 AD3d 848, 849 [2005]).

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the steps which allegedly caused the plaintiff to fall were open and obvious and readily observable by the reasonable use of one's senses, and were not inherently dangerous (*see Thomas v Pleasantville Union Free School Dist.*, 79 AD3d at 854; *Groon v Herricks Union Free School Dist.*, 42 AD3d at 432).

In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

While the plaintiff presented new evidence in the form of his affidavit in support of that branch of his motion which was for leave to renew, a motion for leave to renew should be denied unless the moving party offers a reasonable justification as to why the new facts were not submitted on the prior motion. Here, the plaintiff failed to offer any justification for the failure to have submitted the affidavit on the prior motion (*see* CPLR 2221 [e] [2], [3]). Thus, the Supreme Court properly denied that branch of the plaintiff's motion. Angiolillo, J.P., Balkin, Leventhal and Sgroi, JJ., concur.