█ LISSYAMA M. MATHEW, Respondent, v A.J. RICHARD & SONS et al., Appellants. [923 NYS2d 218]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Martin, J.), dated September 21, 2010, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as a result of the defendants' negligence. The plaintiff alleges that on May 15, 2008, while inside one of the defendants' stores, she sustained injuries when the lid of a barbecue grill, which was on display on the showroom floor, closed and struck her on the back as she leaned against the grill while making a cell phone call. The defendants moved for summary judgment dismissing the complaint on the ground that the open lid of the barbecue grill was open and obvious and did not constitute a dangerous condition as a matter of law. The Supreme Court denied the defendants' motion. We reverse.

While a landowner has a duty to maintain its premises in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 241 [1976]; *Robinson v 206-16 Hollis Ave. Food Corp.*, 82 AD3d 735 [2011]; *Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 636 [2010]), a landowner has no duty to protect or warn against an open and obvious condition that is not inherently dangerous (*see Tyz v First St. Holding Co., Inc.*, 78 AD3d 818 [2010]; *Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932 [2010]). Here, the defendants established that the open lid of the barbecue grill was open and obvious and not inherently dangerous (*see Flaim v Hex Food, Inc.*, 79 AD3d 797 [2010]; *Tyz v First St. Holding Co., Inc.*, 78 AD3d 818 [2010]; *Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932 [2010]; *Stern v Costco Wholesale*, 63 AD3d 1139 [2009]; *Bernth v King Kullen Grocery Co., Inc.*, 36 AD3d 844 [2007]; *Pirie v Krasinski*, 18 AD3d 848, 849 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Angiolillo, J.P., Dickerson, Belen and Sgroi, JJ., concur.