■ PINCHAS DADON, Appellant, v 102-30 66TH ROAD CO-OP OWNER's, INC., et al., Respondents. [934 NYS2d 829]—

The plaintiff was injured when he tripped and fell on an interior staircase leading to the elevators in the lobby of the apartment building where he lived. He alleged that he had difficulty seeing the first step because the defendants negligently permitted natural sunlight to enter the lobby, thus creating an "optical confusion" (*Saretsky v 85 Kenmare Realty Corp.*, 85 AD3d 89, 92 [2011] [internal quotation marks omitted]). While a landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233, 241 [1976]), a landowner has no duty to protect or warn against open and obvious conditions that are not inherently dangerous (*see Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932, 933 [2010]; *Bretts v Lincoln Plaza Assoc., Inc.*, 67 AD3d 943, 944 [2009]; *Murray v Dockside 500 Mar., Inc.*, 32 AD3d 832, 833 [2006]; *Cupo v Karfunkel*, 1 AD3d 48, 51-52 [2003]).

Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by demonstrating that the alleged condition was readily observable by the reasonable use of the plaintiff's senses, and was not inherently dangerous. They submitted, inter alia, affidavits of the apartment building's superintendent and of a licensed engineer stating that the lobby where the accident occurred was regularly maintained and compliant with the applicable building codes (*see Murray v Dockside 500 Mar., Inc.*, 32 AD3d at 833). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Photographic evidence of the accident scene submitted by the plaintiff was insufficient to defeat the defendants' prima facie showing (*see Martin v City of New York*, 82 AD3d 653, 654 [2011]; *Remes v 513 W. 26th Realty, LLC*, 73 AD3d 665, 666 [2010]).

Accordingly, the Supreme Court, upon reargument, properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.