■ VITALIA C. NELSON, Respondent, v 40-01 NORTHERN BOULEVARD CORP. et al., Appellants. [943 NYS2d 216]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Nahman, J.), entered July 12, 2011, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly tripped and fell over a single-step riser while leaving a restaurant owned by the defendants. The step was made of orange-colored tile and stood in contrast to the black rug located on the floor below the step. The plaintiff had traversed the step, without incident, approximately two hours earlier, when she first entered the restaurant. The plaintiff testified at her deposition that, just prior to the accident, she was looking "forward."

While a landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233, 241 [1976]), a landowner has no duty to protect or warn against an open and obvious condition that is not inherently dangerous (*see Tyz v First St. Holding Co., Inc.*, 78 AD3d 818, 819 [2010]; *Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932, 933 [2010]; *Rivas-Chirino v Wildlife Conservation Socy.*, 64 AD3d 556 [2009]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by presenting evidence that the single-step riser was open and obvious and not inherently dangerous (*see Tyz v First St. Holding Co., Inc.*, 78 AD3d at 819; *Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d at 933; *Bretts v Lincoln Plaza Assoc., Inc.*, 67 AD3d 943, 944 [2009]; *Groon v Herricks Union Free School Dist.*, 42 AD3d 431, 432 [2007]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Chambers, Roman and Sgroi, JJ., concur.