■ JOSEPHINE COPPOLA et al., Appellants, v CURE OF ARS ROMAN CATHOLIC CHURCH, Respondent, et al., Defendants. (And a Third-Party Action.) [989 NYS2d 314]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered March 18, 2013, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Josephine Coppola (hereinafter the injured plaintiff) and her husband, suing derivatively, commenced this personal injury action against the defendant Cure of Ars Roman Catholic Church (hereinafter the defendant). The injured plaintiff allegedly tripped and fell over a 5½-inch-high, single-step riser while exiting a church pew. The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that the single-step riser was open and obvious and not inherently dangerous. The Supreme Court, among other things, granted that branch of the motion.

While a landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233 [1976]), a landowner has no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous (*see Conneally v Diocese of Rockville Ctr.*, 116 AD3d 905 [2014]; *Tyz v First St. Holding Co., Inc.*, 78 AD3d 818 [2010]). Here, the defendant established its entitlement to judgment as a matter of law by submitting evidence that the subject riser was open and obvious and not inherently dangerous (*see Boyle v Pottery Barn Outlet*, 117 AD3d 665 [2014]; *Smith v South Bay Home Assn., Inc.*, 102 AD3d 668 [2013]; *Nelson v 40-01 N. Blvd. Corp.*, 95 AD3d 851, 852 [2012]; *Murray v Dockside 500 Mar., Inc.*, 32 AD3d 832 [2006]). The evidence presented by the plaintiffs in opposition, including the affidavit of

their expert, failed to raise a triable issue of fact (*see Troiani v White Plains City School Dist.*, 64 AD3d 701 [2009]; *Pirie v Krasinski*, 18 AD3d 848 [2005]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Hall, Miller and Hinds-Radix, JJ., concur.