■ WILLIAM FAJARDO, Respondent, v MORDECHAI SCHAPIRO et al., Appellants. [990 NYS2d 269]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated February 8, 2013, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly slipped on construction debris, lost his balance, and fell on the landing at the top of an interior staircase

connecting the basement to the first floor of a premises owned by the defendants. According to the plaintiff, the staircase was not equipped with any handrails, and when he reached out as he began to fall, there was nothing to grab. The plaintiff commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that they did not create or have actual or constructive notice of the alleged hazardous condition and that the subject staircase was not in violation of any applicable statute, code, or regulation. The Supreme Court denied the motion.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating, inter alia, that they did not create the alleged hazardous condition or have actual or constructive notice of it (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]), and that Administrative Code of the City of New York § 27-375 was not applicable to the subject staircase, since the staircase merely connected the basement to the first floor and did not serve as a required exit from the building (see Administrative Code §§ 27-232, 27-375; Cusumano v City of New York, 15 NY3d 319, 324 [2010]; Kociecki v EOP-Midtown Props., LLC, 66 AD3d 967, 968 [2009]; Schwartz v Hersh, 50 AD3d 1011, 1012 [2008]; Dooley v Vornado Realty Trust, 39 AD3d 460 [2007]; Mansfield v Dolcemascolo, 34 AD3d 763, 764 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Hall, J.P., Roman, Duffy and LaSalle, JJ., concur.