■ MORRIS VARON, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [998 NYS2d 433]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated September 13, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that he fell down a single-step riser after entering a bathroom located in a building owned by the defendants. The top of the riser had been painted red earlier that year, which contrasted with the rest of the bathroom floor, and there were signs on the outside of the bathroom door warning individuals entering the bathroom to watch their step. The plaintiff testified that he did not know if there were warning signs on the outside of the bathroom door, and that he did not see the red paint that was visible on the riser on the date of the accident.

The defendants moved for summary judgment dismissing the

complaint, contending that the riser was open and obvious and not inherently dangerous. The Supreme Court granted the defendants' motion. We affirm.

While a landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233, 235 [1976]), a landowner has no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous (*see Conneally v Diocese of Rockville Ctr.*, 116 AD3d 905, 906 [2014]). Here, the defendant established its entitlement to judgment as a matter of law by submitting evidence that the subject riser was open and obvious and not inherently dangerous (*see Coppola v Cure of Ars R.C. Church*, 119 AD3d 726, 726 [2014]; *Nelson v 40-01 N. Blvd. Corp.*, 95 AD3d 851, 852 [2012]; *Tyz v First St. Holding Co., Inc.*, 78 AD3d 818, 819 [2010]; *Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932, 933 [2010]; *Bretts v Lincoln Plaza Assoc., Inc.*, 67 AD3d 943, 944 [2009]). The evidence presented by the plaintiff in opposition, including the photograph he took depicting the riser shortly after the accident, failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Roman, Miller and Maltese, JJ., concur.