■ ROBERT DILLMAN, Appellant, v CITY CELLAR WINE, BAR & GRILL, et al., Respondents, et al., Defendants. [996 NYS2d 545]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCormack, J.), dated August 27, 2013, which granted the motion of the defendants City Cellar Wine, Bar & Grill, Westbury Tavern, LLC, doing business as City Cellar Wine, Bar & Grill, Big Time Restaurant Group, EB Raceway, LLC, and 4B's Realty City Cellar, LLC, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

A property owner has a duty to maintain his or her property in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233, 234 [1976]). However, a property owner has no duty to protect or warn against an open and obvious condition, which as a matter of law is not inherently dangerous (*see Nelson v 40-01 N. Blvd. Corp.*, 95 AD3d 851 [2012]; *Tyz v First St. Holding Co., Inc.*, 78 AD3d 818 [2010]; *Bretts v Lincoln Plaza Assoc., Inc.*, 67 AD3d 943 [2009]). Here, the defendants City Cellar Wine, Bar & Grill, Westbury Tavern, LLC, doing business as City Cellar Wine, Bar & Grill, Big Time Restaurant Group, EB Raceway, LLC, and 4B's Realty City Cellar, LLC (hereinafter collectively the respondents) submitted evidence sufficient to establish, prima facie, that the single step separating the carpeted dining area from the rest of the restaurant in which the plaintiff alleg-

edly fell, which consisted of wooden flooring, was open and obvious, and not inherently dangerous (*see Nelson v 40-01 N. Blvd. Corp.*, 95 AD3d at 852; *Tyz v First St. Holding Co., Inc.*, 78 AD3d at 819; *Bretts v Lincoln Plaza Assoc., Inc.*, 67 AD3d at 944). In opposition, the plaintiff failed to raise a triable issue of fact (*see Franchini v American Legion Post*, 107 AD3d 432 [2013]; *Outlaw v Citibank, N.A.*, 35 AD3d 564 [2006]). Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Balkin, Austin and Barros, JJ., concur.