■ JOEL FISHELSON, Respondent, v KRAMER PROPERTIES, LLC, et al., Appellants. [19 NYS3d 580]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Lebowitz, J.), dated March 20, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when he fell while descending a single-step riser inside a bagel store in Queens. The plaintiff thereafter commenced this action against the owner of the building, its tenant, and the tenant's employer, which operated the bagel store. The plaintiff testified at his deposition that the single-step riser led to an elevated dining area with tables and chairs, that he had ascended the riser without difficulty 45 minutes before his accident, and that he saw the riser prior to descending at the time of his accident.

After discovery, the defendants collectively moved for summary judgment dismissing the complaint, contending that the step was open and obvious and not inherently dangerous as a matter of law and that the New York City Building Code did not require that handrails be installed. The plaintiff argued in opposition that there were insufficient visual cues alerting the plaintiff to the step, and that triable issues of fact were raised by the affidavit of his expert, who opined that a single-step riser is an inherently dangerous condition and that the Building Code required handrails to have been installed. The Supreme Court denied the defendants' motion.

"An owner or tenant in possession of realty owes a duty to maintain the property in a reasonably safe condition" (*Boudreau-Grillo v Ramirez*, 74 AD3d 1265, 1267 [2010] [internal quotation marks omitted]; *see Basso v Miller*, 40 NY2d 233, 235 [1976]; *Varon v New York City Dept. of Educ.*, 123 AD3d 810, 811 [2014]; *Coppola v Cure of Ars R.C. Church*, 119 AD3d 726, 726 [2014]), and must warn of any dangerous or defective condition of which it has actual or constructive notice (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Fajardo v Schapiro*, 120 AD3d 468, 469 [2014]). " 'However, a property owner has no duty to protect or warn against an open and obvious condition, which as a matter of law is not inherently dangerous' " (*Surujnaraine v Valley Stream Cent. High School Dist.*, 88 AD3d 866, 866 [2011], quoting *Katz v Westchester County Healthcare Corp.*, 82 AD3d 712, 713 [2011]; *see Varon v New York City Dept. of Educ.*, 123 AD3d at 811; *Coppola v Cure of Ars R.C. Church*, 119 AD3d at 726; *Cupo v Karfunkel*, 1 AD3d 48, 50-53 [2003]). A court may determine whether a condition is hazardous and open and obvious as a matter of law "when the established facts compel that conclusion, and may do so on the basis of clear and undisputed evidence" (*Tagle v Jakob*, 97 NY2d 165, 169 [2001]).

The defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence which demonstrated that the subject step complied with the relevant Building Code requirements and that it was open and obvious and not inherently dangerous (*see Varon v New York City Dept. of Educ.*, 123 AD3d at 810; *Coppola v Cure of Ars R.C. Church*, 119 AD3d at 726; *Nelson v 40-01 N. Blvd. Corp.*, 95 AD3d 851, 852 [2012]; *Tyz v First St. Holding Co., Inc.*, 78 AD3d 818, 819 [2010]; *Bretts v Lincoln Plaza Assoc., Inc.*, 67 AD3d 943, 944 [2009]; *Murray v Dockside 500 Mar., Inc.*, 32 AD3d 832 [2006]). The burden then shifted to the plaintiff to defeat the defendants' motion with "proof demonstrating the existence of an is-

sue of fact as to whether other circumstances prevailed which could lead the trier of fact to conclude that a dangerous condition existed which was a substantial cause of the [accident] resulting in the plaintiff['s] . . . injury" (*Murray v Dockside 500 Mar., Inc.*, 32 AD3d at 833). Contrary to the Supreme Court's determination, the plaintiff failed to raise a triable issue of fact.

Given the plaintiff's testimony that he perceived the step at issue before he descended from the platform, his contentions that the design of the step created "optical confusion" (*Smith v South Bay Home Assn., Inc.*, 102 AD3d 668, 669 [2013]; *see Roros v Oliva*, 54 AD3d 398, 399-400 [2008]), and that there were insufficient visual cues alerting him to the existence of the step, do not raise a triable issue of fact (*see Murray v Dockside 500 Mar., Inc.*, 32 AD3d at 833).

The plaintiff also failed to raise a triable issue of fact as to whether the Building Code or accepted engineering practices required handrails to have been installed. Where "the configuration and location" of a step or stairway is not at issue, the applicability of the requirements of the Building Code "is a question of law to be resolved by the court" (*Mansfield v Dolcemascolo*, 34 AD3d 763, 764 [2006]; *see Lopez v Chan*, 102 AD3d 625, 626 [2013]). Contrary to the plaintiff's contentions, Building Code § 27-369, which applies to "corridors," and Building Code § 27-375, which applies to "interior stairs" that serve as a "required exit," are inapplicable in this case (Administrative Code of City of NY § 27-232; *see Cusumano v City of New York*, 15 NY3d 319, 325 [2010]; *Fajardo v Schapiro*, 120 AD3d 468, 469 [2014]; *Remes v 513 W. 26th Realty, LLC*, 73 AD3d 665, 666 [2010]; *Schwartz v Hersh*, 50 AD3d 1011, 1011-1012 [2008]; *Dooley v Vornado Realty Trust*, 39 AD3d 460, 460 [2007]). The plaintiff's expert's bare conclusion that handrails were required because "[t]he use of a single step departed from good and commonly accepted safe industry practices" and that "safe practice is to avoid such design" is also insufficient to raise a triable issue of fact (*see Pirie v Krasinski*, 18 AD3d 848, 850 [2005]).

Lastly, given that the Building Code did not require that handrails be installed, as well as the absence of any evidence that the subject step was otherwise defective or inherently dangerous, the plaintiff's testimony that he reached into the air hoping to find a bannister before stepping down did not require denial of the defendants' motion (*see Fajardo v Schapiro*, 120 AD3d 468 [2014]; *cf. Richichi v CVS Pharmacy*, 127 AD3d 951 [2015]; *Palmer v Prima Props., Inc.*, 101 AD3d 1094,

1095 [2012]; *Zebzda v Hudson St., LLC*, 72 AD3d 679 [2010]; *Ocasio v Board of Educ. of City of N.Y.*, 35 AD3d 825 [2006]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Dickerson, Austin and Maltese, JJ., concur.