■ VERONICA DIGIACOMO, Respondent, v ST. GEORGE THEATRE RESTORATION CORPORATION, Defendant/Third-Party Plaintiff-Appellant-Respondent. ST. GEORGE HYATT, LLC, Third-Party Defendant-Respondent-Appellant. [57 NYS3d 425]—In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated November 25, 2015, as denied its motion, inter alia, for summary judgment dismissing the complaint, and the third-party defendant cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with one bill of costs to the plaintiff payable by the defendant third-party plaintiff and one bill of costs to the defendant third-party plaintiff payable by the third-party defendant.

On April 17, 2010, the plaintiff allegedly was injured when, after attending a performance at the St. George Theatre, on Staten Island, she tripped and fell on allegedly defective steps leading from the theatre lobby to the sidewalk. The plaintiff commenced this action against the owner of the property that housed the theatre, the St. George Theatre Restoration Corporation (hereinafter the defendant). The defendant, in turn, commenced a third-party action seeking contribution and indemnification from the third-party defendant, St. George Hyatt, LLC, which owned the separate parcel of property that housed the theatre lobby and steps. The defendant moved, inter alia, for summary judgment dismissing the complaint, and the third-party defendant moved for summary judgment dismissing the third-party complaint.

The Supreme Court correctly denied the motions of the defendant and the third-party defendant, inasmuch as there are triable issues of fact as to, among other things, whether the steps presented a dangerous condition for which the defendant and the third-party defendant were potentially liable (*see generally Basso v Miller*, 40 NY2d 233 [1976]; *cf. generally Fishelson v Kramer Props., LLC*, 133 AD3d 706 [2015]). Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.