Salazar v Kellari Parea, LLC (2020 NY Slip Op 07937)





Salazar v Kellari Parea, LLC


2020 NY Slip Op 07937


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-06561
 (Index No. 2034/15)

[*1]Rogelio R. Salazar, appellant, 
v
Kellari Parea, LLC, et al., respondents, et al., defendant.


Pavlounis & Sfouggatakis LLP (The Altman Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
Gallo Vitucci Klar LLP, New York, NY (Chad E. Sjoquist of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered April 4, 2018. The order granted the renewed motion of the defendants Kellari Parea, LLC, and Kellari Taverna for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff, who fell on a staircase, commenced the instant personal injury action against the defendant Deka Immobilien Investment GMBH, the owner of the premises, as well as the defendants West 44th Street Restaurant, LLC, doing business as Kellari Taverna, incorrectly sued herein as Kellari Pavea, LLC, and Kellari Taverna (hereinafter together the Kellari defendants), the lessees of the premises. The plaintiff alleged that the defendants were negligent in, inter alia, maintaining the staircase, failing to provide adequate lighting, and failing to install proper handrails. He asserted that the staircase violated various building code provisions, including Administrative Code of the City of New York § 27-375. After issue was joined, the Kellari defendants moved for summary judgment dismissing the complaint insofar as asserted against them, but their motion was denied with leave to renew in an order dated July 18, 2017. After the note of issue and certificate of readiness were filed by the plaintiff, the Kellari defendants renewed their motion for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted their renewed motion, and the plaintiff appeals.
The Kellari defendants established their prima facie entitlement to judgment as a matter of law by demonstrating, among other things, that the alleged lack of lighting and an alleged slippery, transitory condition on the fourth step of the staircase were not proximate causes of the plaintiff's accident, but rather, the plaintiff's loss of control of a hand truck, which he was using while going down the staircase and which pulled him off balance and down the steps, was the sole proximate cause of the accident. They further demonstrated, prima facie, that Administrative Code of the City of New York § 27-375 was not applicable to the staircase, since the staircase merely connected the basement to the first floor and did not serve as a required exit from the building (see Administrative Code §§ 27-232, 27-375; Cusumano v City of New York, 15 NY3d 319, 324; Fajardo v Schapiro, 120 AD3d 468, 469).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether a second handrail was required to have been installed on the right side of the staircase, in addition to the one already installed on the left side. Given that the applicable building code did not require that a second handrail be installed, as well as the absence of any evidence that the staircase was otherwise in a defective or dangerous condition, the plaintiff's deposition testimony that he reached to his right as he fell, hoping to grab onto something, did not require denial of the Kellari defendants' renewed motion for summary judgment (see Fishelson v Kramer Props., LLC, 133 AD3d 706, 708).
We agree with the Supreme Court's determination that a translator's affidavit, which accompanied the plaintiff's English affidavit, did not comport with the requirements of CPLR 2101(b) because it did not list the translator's qualifications (see Saavedra v 64 Annfield Ct. Corp., 137 AD3d 771, 773), or state that the translation was accurate. Moreover, even assuming that the plaintiff's English affidavit was admissible, the affidavit still failed to raise a triable issue of fact. Furthermore, the plaintiff's expert's bare conclusion in his affidavit submitted in opposition, that handrails were required on both sides of the staircase, was insufficient to raise a triable issue of fact (see Buchholz v Trump 767 Fifth Ave., LLC, 5 NY3d 1, 2; Fishelson v Kramer Props., LLC, 133 AD3d at 708).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting the Kellari defendants' renewed motion for summary judgment dismissing the complaint insofar as asserted against them.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court