Barger v Only Props., LLC (2021 NY Slip Op 02508)





Barger v Only Props., LLC


2021 NY Slip Op 02508


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-05696
 (Index No. 507276/13)

[*1]Caitlin Barger, appellant,
v
Only Properties, LLC, respondent.


Kathleen Higgins (F. William Salo, New York, NY, of counsel), for appellant.
James J. Toomey, New York, NY (Evy L. Kazansky of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated April 17, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint, denied the plaintiff's cross motion for summary judgment on the issue of liability, granted the defendant's separate motion to strike an amended bill of particulars served without leave of court, and denied the plaintiff's separate cross motion for leave to serve the amended bill of particulars.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she slipped and fell down a stairway leading from the ground floor to the basement of a restaurant in which she worked. The premises was owned by the defendant and leased to the plaintiff's employer, a nonparty.
The plaintiff subsequently commenced this action to recover damages for personal injuries. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability. While the motion and cross motion were pending, the defendant moved to strike an amended bill of particulars that the plaintiff served without leave of court, and the plaintiff cross-moved for leave to serve the amended bill of particulars. In an order dated April 17, 2017, the Supreme Court granted the defendant's motions and denied the plaintiff's cross motions. The plaintiff appeals.
"An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a 'duty [to maintain or repair the premises] imposed by statute or assumed by contract or a course of conduct'" (Byrd v Brooklyn 46 Realty, LLC, 129 AD3d 882, 883, quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18). Here, the defendant demonstrated, prima facie, through the deposition testimony of the parties, the lease, and the affidavit of its expert, that it did not assume a duty to maintain or repair the premises through a course of conduct, that it did not assume a contractual duty to maintain the premises generally, and, to the extent that it assumed a contractual duty to make structural repairs, that there were no structural defects in the subject stairway (see Michaele v Steph-Leigh Assoc., LLC, 178 AD3d 820, 821). As to the statutory violations alleged in the plaintiff's bill of particulars, the defendant demonstrated, prima facie, through the plaintiff's deposition testimony, that it did not violate 1968 Building Code of City of New York (Administrative Code of City of NY) § 27-735, pertaining to lighting. Other than that provision of the Administrative Code of the City of New [*2]York, the bill of particulars only alleged violations of the Occupational Safety and Health Act (hereinafter OSHA). However, "OSHA governs employee/employer relationships, and thus OSHA regulations do not impose a specific statutory duty on parties other than a plaintiff's employer" (Gallagher v 109-02 Dev., LLC, 137 AD3d 1073, 1075; see Khan v Bangla Motor & Body Shop, Inc., 27 AD3d 526, 529).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff improperly contended, for the first time in opposition to the defendant's motion, that the defendant violated various additional provisions of the Administrative Code of the City of New York as well as provisions of the New York City Building Code, none of which were set forth in the complaint or bill of particulars (see Michaele v Steph-Leigh Assoc., LLC, 178 AD3d at 821; Fox v Patriot Saloon, 166 AD3d 950, 951). In any event, the plaintiff failed to raise a triable issue of fact as to whether any of the specific provisions alleged to have been violated were applicable to the subject building or to the stairway on which the plaintiff fell, which was an access, rather than an interior, stairway (see Salazar v Kellari Parea, LLC, 189 AD3d 1490; Fox v Patriot Saloon, 166 AD3d at 951).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and, for the same reasons, properly denied the plaintiff's cross motion for summary judgment on the issue of liability.
The Supreme Court also properly declined to grant the plaintiff leave to serve an amended bill of particulars, which relief was sought after the filing of the note of issue and the defendant's motion for summary judgment. Such amendment, for which no showing of merit was made, would be prejudicial to the defendant (see Anonymous v Gleason, 175 AD3d 614, 618; cf. Cioffi v S.M. Foods, Inc., 178 AD3d 1015, 1016).
Accordingly, we affirm the order appealed from.
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court