Capio v U.S. Bank N.A. (2025 NY Slip Op 00420)

Capio v U.S. Bank N.A.

2025 NY Slip Op 00420

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-08137
 (Index No. 36347/19)

[*1]Halldora Capio, appellant, 
v
U.S. Bank National Association, respondent.

Neimark Coffinas & Lapp, LLP, New City, NY (Ira H. Lapp of counsel), for appellant.
Wood Smith Henning & Berman LLP, New York, NY (Lauren C. Davies and Sarah N. Labia of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated June 30, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she tripped and fell over a single-step riser separating the foyer, which had brown tile flooring, from the living room, which had gray carpeting, in a house owned by the defendant. In an order dated June 30, 2023, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals. We affirm.
Although a landowner has a duty to maintain its premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233), a landowner has no duty to protect or warn against a condition that is open and obvious and not inherently dangerous (see Varon v New York City Dept. of Educ., 123 AD3d 810, 811). Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the subject step complied with the relevant Building Code requirements and that it was open and obvious and not inherently dangerous (see Fishelson v Kramer Props., LLC, 133 AD3d 706, 707; Varon v New York City Dept. of Educ., 123 AD3d at 810; Dillman v City Cellar Wine, Bar & Grill, 123 AD3d 758, 759; Coppola v Cure of Ars R.C. Church, 119 AD3d 726, 726). The evidence presented by the plaintiff in opposition, including an affidavit of her expert, failed to raise a triable issue of fact (see Coppola v Cure of Ars R.C. Church, 119 AD3d at 727). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
We need not reach the plaintiff's remaining contention in light of our determination.
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court