Dorfman v Gross

2026 NY Slip Op 02823

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Ellyn Dorfman, appellant,

v

Hinde Gross, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-08714, (Index No. 614138/22)

Betsy Barros, J.P.

Barry E. Warhit

Carl J. Landicino

Laurence L. Love, JJ.

Lerner, Arnold & Winston, LLP, New York, NY (Laisa Pertet, Gerald S. Williams, and Charles Martin Arnold of counsel), for appellant.

Cariello, Matos & Pludwin (Kahana & Feld LLP, New York, NY [Sofya Uvaydov, Samantha Velez, and Anthony Heck], of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (David J. Gugerty, J.), dated June 5, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she fell down a carpeted staircase consisting of three risers and two treads separating the living room and kitchen area of the defendants' home. In her bill of particulars, the plaintiff alleged, inter alia, that the subject staircase was defective because it was slippery, inadequately lit, and had inadequate handrails. Following discovery, the defendants moved for summary judgment dismissing the complaint. In an order dated June 5, 2024, the Supreme Court granted the motion. The plaintiff appeals.

"Although a landowner has a duty to maintain its premises in a reasonably safe manner, a landowner has no duty to protect or warn against a condition that is open and obvious and not inherently dangerous" (Capio v U.S. Bank N.A., 234 AD3d 919, 919 [citations omitted]).

Here, the defendants established, prima facie, their entitlement to judgment as a matter of law dismissing the complaint by submitting evidence demonstrating that the subject staircase and carpeting complied with the relevant New York State Building Code requirements and that they were open and obvious and not inherently dangerous (see id. at 919-920; Fishelson v Kramer Props., LLC, 133 AD3d 706, 707) and that the lighting conditions were adequate (see Salerno v Street Retail, Inc., 38 AD3d 515, 516; Curran v Esposito, 308 AD2d 428). The evidence submitted by the plaintiff in opposition, including her expert affirmation, failed to raise a triable issue of fact (see Capio v U.S. Bank N.A., 234 AD3d at 920). The plaintiff's expert's opinions regarding the staircase and handrail were conclusory and unsupported by the record. Moreover, the plaintiff's expert's commentaries regarding the coefficient of friction between the plaintiff's foot and the carpet, as well as the lack of color contrast between the landing and the carpet, are not supported by the evidence, especially where, as here, the plaintiff was familiar with the defendants' home (see [*2]Zeppetelli v 1372 Broadway, LLC, 222 AD3d 813, 814; Fishelson v Kramer Props., LLC, 133 AD3d at 708). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

BARROS, J.P., WARHIT, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court